UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL T. MOORE,

        Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

        Defendants.

Case No. 2:17-cv-02022-RFB-NJK

ORDER

Pursuant to 28 U.S.C. § 1915, Plaintiff Michael T. Moore is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 6. Plaintiff also submitted a complaint, Docket No. 1-1, and a motion to amend his complaint, Docket No. 4. Finally, Plaintiff has submitted a motion for jury demand. Docket No. 3.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 6. The Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

. . . .

. . . .

**II.     Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed.R.Civ.Pro. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Plaintiffs' complaint suffers from numerous deficiencies.

A.     <u>Class Action</u>

Plaintiff attempts to file his complaint as a class action, with Plaintiff representing the class *pro se*. Docket No. 1-1. Plaintiff cannot, however, proceed with a class action as a *pro se* litigant.

*See Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014), *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

      B.      <u>Failure to State a Claim</u>

Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." *See* Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).[1]

Here, the Court understands the basic gist of Plaintiff's grievance appears to be related to public performers and their treatment. *See* Docket No. 1-1. At the same time, however, Plaintiff's 16-page complaint is not "short and plain," and fails to set forth any claim or how the allegations in the complaint support any claim against any defendant. *See id.* Quite simply, the complaint fails to identify how the factual allegations made state a claim for any particular cause of action, and therefore fails to satisfy Rule 8. Further, Plaintiff's motion to amend the complaint fails to comply with Rule 8 and the Court's Local Rules requiring that an amended complaint be complete in itself.

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1. The requests by Plaintiff to proceed *in forma pauperis* is **GRANTED**. Docket No. 6. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

---

[1] Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

- 3 -

and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. The motion to amend the complaint and the motion for jury demand, Docket Nos. 3 and 4, are **DENIED** as moot. Plaintiff will have until **March 29, 2018**, to file an Amended Complaint, if the noted deficiencies can be corrected. Plaintiff may demand a jury in his amended complaint, if he so chooses.

4. If Plaintiff choose to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: February 27, 2018.

NANCY J. KOPPE
United States Magistrate Judge