|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |

| | | |
|---|---|---|
| MICHAEL T. MOORE, | ) | |
| Plaintiff(s), | ) ) | Case No. 2:17-cv-02022-RFB-NJK |
| v. | ) ) | ORDER |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | ) ) ) | (Docket Nos. 9, 9-1) |
| Defendant(s). | ) ) | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 6. On February 27, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis*, and screened his complaint pursuant to 28 U.S.C. § 1915. Docket No. 7. The Court identified numerous deficiencies in Plaintiff's complaint, and therefore dismissed his complaint with leave to amend to provide him an opportunity to cure those defects. *Id.*

Plaintiff has now filed an amended complaint, which alleges violations of Plaintiff's and "the public performers [he] represents[']" rights under the First, Fourth, Fifth, and Thirteenth Amendments based on encounters and incidents involving Defendants. Docket No. 9-1 at 5. Plaintiff has also filed a motion to extend time to file his amended complaint. Docket No. 9. Plaintiff submits that he has been injured, and asks for additional time to file an appropriate complaint if the Court determines that his amended complaint is deficient. *Id.* at 1.

A.   Class Action

Plaintiff submits that he is not petitioning for a class action on behalf of himself and "[t]he Sonic Laborers and Visual Entertainers Union members who are public performers on the Las Vegas Strip and Fremont Street." *Id.* at 1.  However, Plaintiff submits numerous times that he intends to pursue his claims and seek relief on behalf of other individuals: (1) "I am only interested in representing myself as a public performed and by virtue of proxy as President and General Counsel the members of my union"; (2) "[t]he defendants ... [act] as agents of the casinos in a racketeering fashion deprive [me] and the public performers I represent of their 1st, 4th, 5th, and 13th amendment rights"; (3) "I seek to represent [me] and members of [my] union"; (4) Plaintiff seeks "relief in the sum of $500,000,000 on behalf of [me] and the members of my union." *Id.* at 1, 5, 8; *see also* Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil §§ 1751-1752 (3d ed. 2005) (describing generally that the purpose of a class action is to permit large groups of individuals with a united interest to a pursue a claim in a single action).  As the Court previously states, Plaintiff cannot proceed with a class action as a *pro se* litigant.  *See Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-989 (N.D. Cal. 2014); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

Plaintiff further alleges that he is "General Counsel of [The Sonic Laborers and Visual Entertainers Union]," and that "he was granted an admission to the Federal Courts in 1997 in San Francisco by Judge Burton Litvack" in two cases "as Special Representative/Esquire of the United Food and Commercial Workers' Union..." Docket No. 9-1 at 1.  Plaintiff is not a licensed attorney under the laws of the State of Nevada and, therefore, cannot use what he alleges was admission to the Federal Courts over twenty years ago in the State of California by an Administrative Law Judge to "override[] Clark County's use of NRS for bar membership." *See generally* Nev. S.C.R. 39-75. (governing the rules of admission to practice law in the State of Nevada).

B.   Failure to State a Claim

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than

labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.

Even construing Plaintiff's amended complaint liberally,[1] his allegations consist solely of conclusory statements such as, "the defendants...operate under the direction and control of the casinos...[and] violate public performers' human, labor, civil and constitutional rights" and "[t]he defendants...are maliciously prosecuting us to terminate our livlihoods [*sic*]." Docket No. 9-1 at 5-6. Such conclusory allegations fail to state how the allegations support any claim against any defendant and, therefore, fail to comply with Fed.R.Civ.P. 8.

## III.  Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion to extend time to file an amended complaint is **GRANTED**. Docket No. 9.

2. Plaintiff's amended complaint is **DISMISSED** with leave to amend. Docket No. 9-1. Plaintiff will have until June 5, 2018, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend his complaint a second time, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or the first amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint and any previous amended complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original and any previous complaint no longer serve any function in the case. Therefore, in a second amended complaint, as in an original and any previous

---

[1] *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

amended complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

3. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: April 6, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge